**In re Jeffrey D. STEWART, Debtor.**

**Bankruptcy No. 96–01624–W.**

United States Bankruptcy Court,
N.D. Oklahoma.

Jan. 31, 1997.

---

Richard A. Wieland, Atty., U.S. Trustees Office, Wichita, KS.

Katherine M. Vance, Asst. U.S. Trustee, Tulsa, OK.

Richard A. Shallcross, Brewster, Shallcross & Deangelis, Tulsa, OK, for Debtor.

*MEMORANDUM OPINION AND ORDER ON UNITED STATES TRUSTEE'S "MOTION TO DISMISS ..." RE CONSTITUTIONALITY OF 11 U.S.C. § 707(b)*

MICKEY DAN WILSON, Chief Judge.

On October 31, 1996, this Court issued its "Memorandum Opinion and Order on United States Trustee's 'Motion to Dismiss ...' Re Application of 11 U.S.C. § 707(b)", now published as *In re Stewart,* 201 B.R. 996 (B.C., N.D.Okl.1996). Therein this Court held that the granting of relief in this case would be a substantial abuse of the provisions of 11 U.S.C. Chapter 7, and that this case should be dismissed pursuant to 11 U.S.C. § 707(b). However, Stewart asserted that 11 U.S.C. § 707(b) violates the United States Constitution; and this Court allowed that matter to be briefed separately. On November 22, 1996, Stewart filed his "... Brief in Support of His Affirmative Defense of Constitutional Infirmity Respecting 11 U.S.C. § 707(b)".

On December 13, 1996, the UST filed "United States Trustee's Brief in Support of the Constitutional Structure of 11 U.S.C. § 707(b)". Upon consideration thereof, and of the record herein, this Court, pursuant to F.R.B.P. 9014 and 7052, now finds, concludes, and orders as follows.

### FINDINGS OF FACT

This Court adopts and incorporates herein by reference its "Findings of Fact" in *In re Stewart,* supra.

### CONCLUSIONS OF LAW

This Court adopts and incorporates herein by reference its "Conclusions of Law" in *In re Stewart,* supra.

Stewart proposes, first, that § 707(b) violates "the equal protection guarantees of the Fourteenth and the Fifth Amendments to the United States Constitution" because "[t]here exists no 'rational basis' for Congress to have chosen to discriminate in its application of ... § 707(b) against only the failed consumer debtor, to the exclusion of the failed businessman debtor", Stewart's brief p. 1.

Stewart argues that there is no "logical reason or explanation why a dismissal action for an abuse of Chapter 7 should be limited to only consumer debtors", *id.* p. 16. This Court fully agrees.

Stewart supposes that "only *consumer* debtors are required to show that they are not 'abusing' [Chapter 7] ... whereas the non-consumer debtor need not make such a showing", *id.* p. 6 (emphasis original). That is, Stewart reads into § 707(b) a negative implication that *only* "a case filed by an individual debtor ... whose debts are primarily consumer debts" may be dismissed "if ... the granting of relief would be a substantial abuse of the provisions of [Chapter 7]". Negative implication is occasionally appropriate, but is usually a risky and dubious method of statutory construction, which tends to make law out of what the legislature has *not* said, *In re Szafranski,* 147 B.R. 976, 982 (B.C., N.D.Okl.1992). It is not appropriate in this instance. Congress never intended § 707(b) to *grant* business debtors a "right" to abuse the Bankruptcy Code. "Section

707(b) was not enacted to narrow and discourage Court review of abusive cases, but to broaden and encourage such review", *In re Stewart*, 201 B.R. p. 1004. Bankruptcy courts have long had the power and duty to prevent abuse of their jurisdiction by debtors who choose relief under "the wrong chapter", *In re Higginbotham*, 111 B.R. 955, 961–964 (B.C., N.D.Okl.1990). Some Bankruptcy Courts, misled by "an ill-considered Committee report" in legislative history of the Bankruptcy Code, effectively abdicated their power and duty to prevent abuse of their own jurisdiction, *id.* pp. 963, 966. Section 707(b) was enacted in response to such judicial abdication of authority. As Stewart points out, such response was only partial, both motivated and limited by the special concerns of the consumer-credit lobby. However, the consumer-credit lobby never meant to *forbid* Bankruptcy Courts to police abuse of Chapter 7 by business debtors; nor is there any sign that Congress so intended. Section 707(b) neither requires nor prevents dismissal of business cases for abuse; it was not concerned with business cases one way or the other. And in fact, some Bankruptcy Courts have dismissed non-consumer cases, under 11 U.S.C. § 707(a), under the rubric of "bad faith" but for specific reasons closely paralleling the factors of "substantial abuse" under § 707(b). See e.g. *In re Hammonds*, 139 B.R. 535 (B.C., D.Col.1992); *In re Maide*, 103 B.R. 696 (B.C., W.D.Pa.1989). In short, § 707(b), read in context with §§ 105, 707(a), and the rest of bankruptcy law, actually does not discriminate against consumer debtors.

■ To whatever extent § 707(b) singles consumer debtors out for special attention, there is a rational basis therefor.

The term "consumer debt" as used in § 707(b) serves to direct the Court's attention to a type of bankruptcy case which is especially liable to abuse and especially deserving of review. That type of case involves an individual debtor who voluntarily (in the sense of "on his initiative, at his option") takes advantage of modern easy-credit practices to accumulate debts, for the immediate purpose of satisfying his private appetites and maintaining or enhancing his personal qualities and lifestyle,

or those of his dependents—often in circumstances which offer creditors little security, because the benefits acquired by the debts are used up ("consumed") by the debtor himself and assimilated to his person—and who effectively avoids repayment by keeping his unconsumed property and his income from wages or professional earnings to himself and from his creditors, *In re Stewart*, 201 B.R. p. 1004.

But even if § 707(b) does discriminate against consumer debtors, so as to confine judicial review for abuse to consumer cases on no rational basis and in violation of the equal-protection guarantees of the Fourteenth and Fifth Amendments,

... what is unconstitutional is not the provision for judicial review, but only the limitation on judicial review; so the remedy would seem to be to sever that part of § 707(b) which purports to limit review to cases involving "primarily consumer debts," leaving the rest of the statute undisturbed and thereby extending the reach of the statute to all cases ... This Court has not in the past limited, and will not in the future limit, its power and duty to prevent abuse of the bankruptcy process to any particular class of cases, debts, debtors or creditors, notwithstanding anything in § 707(b) to the contrary. Therefore, any violation of equal protection in § 707(b) in this regard will not save th[is] debtor ... from review and dismissal for abuse of Chapter 7.

*In re Higginbotham*, 111 B.R. p. 966. Since this Court has never read § 707(b) as a statute *forbidding* judicial review of business cases for abuse of the Code (i.e., effectively *granting* business debtors the "right" to abuse the Code), this Court has never actually needed to sever such alleged limitation from § 707(b). The Court merely points out that debtors who try to read such an absurd "grant of abuse" into § 707(b) do not thereby render the entire statute unconstitutional.

Stewart proposes, second, that § 707(b) "is Constitutionally infirm because it is void for vagueness", Stewart's brief p. 22. The alleged "vagueness" consists in "its imprecise and nearly meaningless use of the enigmatic terms 'primarily consumer debts' and 'sub-

stantial abuse,' " *id.* p. 26. Both courts and Congress would be surprised to learn that they cannot use the terms "primarily", "consumer debt", "substantial" and "abuse" in their rulings and statutes without violating the Constitution. This Court has already discussed the meaning of "consumer debt" in *In re Stewart*, 201 B.R. pp. 1003–1005, and has already discussed and rejected the void-for-vagueness argument regarding "substantial abuse" in *In re Higginbotham*, 111 B.R. pp. 965–966. Stewart offers nothing new on this subject.

The Court concludes that Stewart offers nothing which distinguishes or might cause this Court to reconsider its opinion in *In re Higginbotham*. For reasons stated in *In re Higginbotham* and repeated in this opinion, 11 U.S.C. § 707(b) does not violate the United States Constitution; but even if it did, the result would be either severing of the supposedly unconstitutional limitation on judicial review in § 707(b), or resort to § 707(a), neither of which would save this debtor from dismissal for abuse of Chapter 7.

Since this case is a substantial abuse of the provisions of Chapter 7, and there is no Constitutional impediment to the remedy of such abuse as provided in 11 U.S.C. § 707(b), this Chapter 7 case must be and is hereby dismissed.

AND IT IS SO ORDERED.